UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBBIE WULLENWABER,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | No. 2:17-cv-0200 DB<br><br><br><br>ORDER |

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment.[1] Plaintiff's motion argues that the Administrative Law Judge's treatment of the medical opinion evidence constituted error. For the reasons explained below, plaintiff's motion is granted, the decision of the Commissioner of Social Security ("Commissioner") is reversed, and the matter is remanded for further proceedings consistent with this order.

PROCEDURAL BACKGROUND

On December 30, 2013, plaintiff filed applications for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act") and for Supplemental Security

---

[1] Both parties have previously consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c). (See ECF Nos. 7 & 8.)

1

Income ("SSI") under Title XVI of the Act alleging disability beginning on January 1, 2013. (Transcript ("Tr.") at 68-69, 174-87.) Plaintiff's applications were denied initially, (Id. at 110-15), and upon reconsideration. (Id. at 119-25.)

Thereafter, plaintiff requested a hearing which was held before an Administrative Law Judge ("ALJ") on March 11, 2016. (Id. at 37-67.) Plaintiff was represented by an attorney and testified at the administrative hearing. (Id. at 37-39.) In a decision issued on April 21, 2016, the ALJ found that plaintiff was not disabled. (Id. at 30.) The ALJ entered the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through September 30, 2017 (Exhibit 4D/1).
>
> 2. The claimant has not engaged in substantial gainful activity (SGA) since January 1, 2013, the alleged onset date (AOD) (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).
>
> 3. The claimant has the following severe impairments: (1) osteoarthritis of the bilateral knees and left shoulder; and (2) degenerative disc disease of the lumbar spine (20 CFR 404.1520(c) and 416.920(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity (RFC) to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except occasionally climb ramps, stairs, ladders, ropes, and scaffolds; frequently balance; occasionally stoop, kneel, crouch or crawl; and occasional overhead reaching with the left upper extremity.
>
> 6. The claimant is capable of performing past relevant work as an order taker, as generally performed. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).
>
> 7. The claimant has not been under a disability, as defined in the Social Security Act, from January 1, 2013, through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

(Id. at 22-29.)

////

///

2

On December 14, 2016, the Appeals Council denied plaintiff's request for review of the ALJ's April 21, 2016 decision. (Id. at 1-7.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on January 30, 2017. (ECF No. 1.)

## LEGAL STANDARD

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)). If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). The five-step process has been summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.

////

3

> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987). The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

Plaintiff's pending motion argues that the ALJ's treatment of the medical opinion evidence constituted error. (Pl.'s MSJ (ECF No. 17) at 3-8.[2]) The weight to be given to medical opinions in Social Security disability cases depends in part on whether the opinions are proffered by treating, examining, or nonexamining health professionals. Lester, 81 F.3d at 830; Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989). "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant . . . ." Lester, 81 F.3d at 830. This is so because a treating doctor is employed to cure and has a greater opportunity to know and observe the patient as an individual. Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Bates v. Sullivan, 894 F.2d 1059, 1063 (9th Cir. 1990).

The uncontradicted opinion of a treating or examining physician may be rejected only for clear and convincing reasons, while the opinion of a treating or examining physician that is controverted by another doctor may be rejected only for specific and legitimate reasons supported by substantial evidence in the record. Lester, 81 F.3d at 830-31. "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." (Id. at 831.) Finally, although a treating physician's opinion is generally entitled to significant weight, "'[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.'" Chaudhry v. Astrue, 688 F.3d 661,

---

[2] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

4

671 (9th Cir. 2012) (quoting Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1228 (9th Cir. 2009)).

Here, plaintiff challenges the ALJ's treatment of the opinion offered by plaintiff's treating physician Dr. Jau Lee. (Pl.'s MSJ (ECF No. 17) at 3-8.) In this regard, Dr. Lee completed a residual functional capacity questionnaire on May 6, 2016. (Tr. at 769-770.) Dr. Lee opined that plaintiff would have significant limitations which would limit plaintiff to no more than four hours of work activity per eight-hour workday. (Id.) Plaintiff could occasionally lift and carry up to 10 pounds and could not use her hands for simple grasping, pushing and pulling, or fine manipulation bilaterally. (Id.)

Defendant argues that Dr. Lee's medical opinion evidence was submitted to the Appeals Council after the ALJ issued a decision denying benefits on April 21, 2016. (Def.'s MSJ (ECF No. 19) at 11.) Although Dr. Lee's medical opinion was not before the ALJ, it was considered by the Appeals Council which then denied review of the ALJ's decision. (Tr. at 3.)

> [W]hen a claimant submits evidence for the first time to the Appeals Council, which considers that evidence in denying review of the ALJ's decision, the new evidence is part of the administrative record, which the district court must consider in determining whether the Commissioner's decision is supported by substantial evidence.

Brewes v. Commissioner of Social Sec. Admin., 682 F.3d 1157, 1159-60 (9th Cir. 2012). Here, the record before the court now contains a medical opinion from a treating physician opining that plaintiff's residual functional capacity was far more limited than that found by the ALJ. Since the new evidence directly undermines the basis of the ALJ's decision, the undersigned concludes that the Commissioner's decision was "not supported by substantial evidence." Id. at 1164; see also Burrell v. Colvin, 775 F.3d 1133, 1136 (9th Cir. 2014) ("When, as here, the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court and this court must consider when reviewing the Commissioner of Social Security's final decision for substantial evidence.").

In addition, defendant argues that because Dr. Lee's opinion is clearly dated after the ALJ's decision, it is unclear whether his opinion about plaintiff's residual functional capacity

5

would apply prior to the date of the ALJ hearing decision. (Def.'s MSJ (ECF No. 19) at 12.) Defendant also contends that even if Dr. Lee's opinion did relate to the relevant period, the restrictions Dr. Lee assessed are inconsistent with his treatment records. (Id.) However, the undersigned does not find it necessary to direct the ALJ as to how much weight to give to Dr. Lee's opinion at this time, nor whether there are reasons to discount the opinion. Feil v. Comm'r of Soc. Sec., No. 2:14-cv-2276 TLN CMK PS, 2017 WL 931888, at *6 (E.D. Cal. Mar. 9, 2017); see also Marchel v. Colvin, No. 2:13-CV-1416 DAD, 2015 WL 546065, at *4 (E.D. Cal. Feb. 10, 2015) ("Because Dr. Parsons' opinion was not before the ALJ, the court can only speculate as to the weight the ALJ would have assigned to that treating physician opinion."). As the ALJ did not have the benefit of Dr. Lee's opinion, the ALJ should simply be given the opportunity to review and consider Dr. Lee's opinion. See Turner v. Commissioner of Social Sec., 613 F.3d 1217, 1228-29 (9th Cir. 2010) ("While the ALJ must consider only impairments (and limitations and restrictions therefrom) that Turner had prior to the DLI, evidence post-dating the DLI is probative of Turner's pre-DLI disability."); Feil v. Comm'r of Soc. Sec., No. 2:14-cv-2276 TLN CMK PS, 2017 WL 931888, at *6 (E.D. Cal. Mar. 9, 2017).

## CONCLUSION

With error established, the court has the discretion to remand or reverse and award benefits. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir.1989). Plaintiff asks that this matter be remanded for the correction of the legal errors. (Pl.'s MSJ (ECF. No. 17) at 9.) Where there are outstanding issues that must be resolved before a determination can be made, or it is not clear from the record that the ALJ would be required to find plaintiff disabled if all the evidence were properly evaluated, remand is appropriate. Benecke v. Barnhart, 379 F.3d 587, 594 (9th Cir. 2004).

Here, there are outstanding issues that must be resolved and it is not clear from the record that the ALJ would be required to find plaintiff disabled if all the evidence were properly evaluated in keeping with this order. Accordingly, the court finds that this matter should be remanded for further proceedings so that the ALJ can properly consider the opinion of plaintiff's treating physician.

For all the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 17) is granted;

2. Defendant's cross-motion for summary judgment (ECF. No. 19) is denied;

3. The Commissioner's decision is reversed; and

4. This matter is remanded for further proceedings consistent with this order.

Dated: August 7, 2018

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:jx
DB\orders\orders.soc sec\wullenwaber0200.jx.ord